IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DeValius McDonald, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 0038 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| Patrick B. Perez, Sheriff, | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

<u>ANSWER AND AFFIRMATIVE DEFENSE  OF
KANE COUNTY SHERIFF PATRICK B. PEREZ</u>

Now comes Kane County Sheriff Patrick B. Perez by and through his attorney Kane County Assistant State's Attorney Joseph F. Lulves, and for his answer to Plaintiff's Complaint states as follows:

On a prefatory note, this is a hand printed, single paragraph, pro se inmate complaint. For purposes of this answer to aid in legibility, Defendant has transcribed the single paragraph into single sentence paragraphs. Further, as no request is made for punitive damages, nor are any personal actions of Sheriff Perez alleged, Defendant presumes this to be an official capacity complaint for purposes of his answer.

1.   I have been detained since July 26, 2007 at Kane County Jail.

Answer:   Admitted.

2.   Razors (Exhibit A) provided to detainees of Kane County Jail are dangerous due to their improper design.

1

Answer:   Denied.

3.   The handle is small and cumbersome to hold securely.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

4.   It slips and slides from the grip of finger when wet causing self mutliation.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

5.   Profuse bleeding from cuts and lacerations to scalp and skin of face are the norm.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

6.   Shaving soap is not provided as required by Illinois County Jail Standards.

Answer:   Denied as soap is provided for inmate use, including while shaving. Admitted that specialized "shaving soap" is not provided.

7.   Correctional Officers when asked, rudely replie, "Use water or whatever!"

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

8.   Detainees are not able to shave daily due to large scabs and sores that form.

Answer:    Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

9.   Shaving is painful and bloody and violates this Detainees 8th and 14th Amend. rights.

Answer:    Denied.

10.   Extreme overcrowding (Exhibit B) subjects detainees to unhealthy levels of physical inactivity and mental stress.

Answer:    Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

11.   16 hrs. a day detainees sit and sleep on cold hard floors without blankets or sheets for protection.

Answer:    Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

12.   One must stepover people to move from one cramped area to another.

Answer:    Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

13.   Recreation areas have been converted to detaining areas.

Answer:    Admitted.

14.   No recreation or leisure activities exist.

Answer:    Denied.

15.   Tension levels are at extremes (which execrates my hypertension illness.) and physical and mental states are detorating below levels that existed before detention.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

16.   I inhabit a one man cell with two men in it.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

17.   With a mattress on floor there is only 4 square feet of unoccupied space to move around in.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

18.   In the dark we stumble over each other to use the toilet, cold water doesn't work.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

19.   Cell block is designed for 10, but 20 people are crammed in.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

20.   Day room only seats 10, the other 10, for 16 continuous hrs. sit or lie upon cold floors.

Answer:   Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

21.   Ventilation, toilets, showers and drinking facilities are inadequate, tempertures vary.

Answer:   Denied.

22.     Sheriff Patrick B. Perez knowing detainees were abouts when transported to another jail continually returns mail back to sender.

Answer:     Denied. The jail policy, in accord with Illinois County Jail Standards, is to forward mail when a forwarding address for an in custody inmate is known.

23.     My mail should have been forwarded to places where he sent me.

Answer:     Admitted.

24.     His actions has caused me legal and financial hardships as well as forcing senders to spend extra postage to remail items.

Answer:     Denied.

25.     Some correspondences have been lost, for example my mother received an empty stamped enevelope from me.

Answer:     Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

26.     I asked Sgt. Norris about this, he replied that it might have become lost during the scanning of mail and I should rewrite my letter or just forget it.

Answer:     Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

27.     He then became angry and told me to get back into my cell block.

Answer:     Defendant is without knowledge sufficient to form a belief as to the truth of these averments.

28. Sheriff Patrick B. Perez knowingly and willingly violated this detainee's constitutional rights.

Answer: Denied.

29. Illinois County Jail Standards and tampering with the U.S. Mail.

Answer: Denied.

30. I ask that Sheriff Patrick B. Perez be investigated for Mail violations and relief in the sum of $69,000.00.

Answer: Denied.

## Affirmative Defense

31. The Prison Litigation Reform Act ("PLRA") mandates that "no action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

32. The Seventh Circuit held that "exhaustion of administration remedies, as required by Section 1997e, is a condition precedent to suit" and that a district court cannot decide a claim on its merits unless a plaintiff satisfies the exhaustion requirement, even if the process could not result in the desired form of relief. *Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002).

33. If a prisoner fails to exhaust the administrative remedies, he is precluded by 42 U.S.C. 1997e from bringing suit. *Woodford v. Ngo*, 126 S. Ct. 2378, 2380-81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir.

2002). While exhaustion of administrative remedies is an affirmative defense, "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 920 (2007).

34. If an inmate causes the "unavailability" of the grievance process by not submitting a grievance, the administrative process is not considered unavailable; instead it is deemed forfeited by the inmate. *Kaba v. E.A. Stepp et al.*, 458 F.3d 678, 684 (7th Cir. 2006).

35. The Plaintiff in this case has failed to exhaust the administrative remedies available to him for all of his claims, barring his complaint.

Wherefore, Kane County Sheriff Patrick B. Perez asks this Court to enter judgment in his favor and against the Plaintiff on all counts of this Complaint.

Respectfully submitted,
Kane County Sheriff
Patrick B. Perez by:

/s/ Joseph F. Lulves
Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320

Atty. No. 6197008

8